#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA  : | |
| : | |
| v.  : | Case No. 21-CR-00277 |
| : | The Hon. Trevor N. McFadden |
| KEVIN F. CORDON,  : | Sent. Date: November 12, 2021 |
| : | |
| **Defendant.**  : | |
| : | |

#### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

The defendant, Kevin F. Cordon, by and through his counsel, Brian K. McDaniel and The McDaniel Law Group, PLLC., respectfully represents that he has reviewed the Pre-sentence Report (PSR) and, in accordance with 18 U.S.C. § 3553(a) and the remedial scheme set forth in *United States v. Booker*, 125 S.Ct. 738(2005), and *United States v. Hughes*, 401 F.3d 540 (4th Cir. 2005), presents this Brief and Position of the Defendant with Respect to Sentencing Factors to aid the Court in determining an appropriate sentence.

On August 27, 2021 Defendant entered a plea of guilt to Count Two of the Indictment charging him with Entering and Remaining in a Restricted Building or Grounds in violation of 18 U.S.C. §§ 1752(a)(1) and (b)(2). This Court is well aware of the actions which have led to Mr. Cordon's conviction and the resulting exposure which he now faces. On January 6, 2021 Mr. Cordon attended the rally which had been organized in a political effort to challenge the presidential election which resulted in political turmoil that had largely divided the country. In Mr. Cordon's fervor, he wrongfully and unlawfully made entry into the United States Capitol Building along with other persons who participated in the effort. Mr. Cordon recognizes the serious nature of the offense to which he has pled guilty. He feels deep remorse and pervasive shame for the conduct that has brought him

before the Court and understands that he must now make amends to society, his family and the country.

To that end, Mr. Cordon accepted responsibility for his actions through a prompt plea which spared the Government the need to prepare for and participate in a trial. Mr. Cordon now will appear before the Court to be sentenced. Mr. Cordon does not dispute that his crime warrants some form of punishment. The central issue before the Court, then, is what is the appropriate sentence for Mr. Cordon – what sentencing elements would be "sufficient but not greater than necessary" to satisfy the purposes of federal sentencing in the circumstances of this case.  See 18 U.S.C. § 3553(a). Mr. Cordon respectfully submits that a probationary sentence  with the mandatory payment of $500.00 in restitution would satisfy the §3553 criteria in this case. In support of this sentencing recommendation, Mr. Cordon asks the Court to consider that: (1) he does not have an extensive criminal history and stands before the court in Criminal History Category I; (2) he has otherwise conducted his life respectably, having been part of a strong family unit and having maintained consistent employment prior to his arrest in this matter and; (3) the proposed sentence would allow Mr. Cordon the ability to maintain an income stream in order to satisfy his restitution obligations as expeditiously as possible.

I.     The Advisory Sentencing Range

Mr. Cordon does not dispute that his advisory Guidelines range is, as the Presentence Investigation Report indicates, 0 to 6 months' incarceration. Under § 2B2.3(a) of the Guidelines, Mr. Cordon's base-offense level is 4. Because the trespass occurred at a restricted building, the offense level is increased by 2 pusuant to §2B2.3(b)(1(A)(vii). And pursuant to §3E1.1(a) Mr. Cordon has accepted responsibility and will receive a two level

2

decrease in his offense level resulting in a final offense level of 4. Mr. Cordon's relatively limited prior criminal contacts places him in Criminal History Category I. The resulting advisory Guidelines range is 0-6 months.

## II.     The Other § 3553 Factors

In the post-Booker era, the sentencing court's duty is to consider all the factors identified in 18 U.S.C. §3553(a) and impose a sentence sufficient, but not greater than necessary" to comply with the four purposes of sentencing set forth in the statute. Those four purposes are the need for the sentence imposed to:  (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment: (2) afford adequate deterrence to criminal conduct; (3) protect the public from further crimes of the defendant; and (4) provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). In addition, §3553 requires the sentencing court to consider the following factors (in addition to the advisory Guidelines range and any pertinent policy statements issued by the Sentencing Commission) in imposing sentence:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (4) the need to provide restitution to any victim(s). 18 U.S.C. § 3553 (a)(1)-(7). For the reasons that follow, we submit that these purposes and factors support the probationary sentence which is requested by the Defense.

### A.     *The nature and Circumstances of Mr. Cordon's Offense*

The events of January 6, 2021 were obviously troublesome. Many came to the Nation's Capital with dangerous intentions to frustruate the certification of the election and

3

to overturn a lawfully and fairly conducted election. However, there were different degrees of commitment to these efforts which was evidenced by those who participated in the demonstrations. While it is true that Kevin Cordon was present on the grounds of the Capital outfitted with limited protective gear, Mr. Cordon has represented that he was wearing the same to avoid any harm which he might realize in any interaction that might result from confrontation with counter-protestors, and not in a desire to prepare for any unlawful interaction with law enforcement. This position is supported by the agreed upon actions of Mr. Cordon, as he and his brother entered into the Capital through a window, remained in the capital for a short period of time during which he and his brother took confirmatory photos, and then left the interior of the edifice having not had any conflict with the officers stationed therein. Mr. Cordon has acknowledged that he should not have entered the Captial. Mr. Cordon did not come to the District intending to enter the Capital however he was swept up in the emotion of the day's events. This emotion, while unforturnate, was indeed intoxicating and resulted in Mr. Cordon making the unfortunate decision to go along with the crowd as they entered the building. Considering the full body of Mr. Cordon's actions and inactions the defense submits that the probationary sentence requested is appropriate.

      B.    *The History and Characteristics of Mr. Cordon.*

The history and characteristics of Mr. Cordon support the sentence that the defense implores this Court to adopt. He appears before this Court as the product of a loving and supportive family. He is well educated and has been noted, has not had extensive contact with the criminal justice system. He can only hope that this Court will allow him an

opportunity to prove that he has learned from this experience while being positioned to continue to meet his financial responsibilities.

This criminal case and its many consequences have taught Mr. Cordon a difficult lesson. There can be no justification for taking advantage of the public trust, even if one believes that his ultimate goal will be of great benefit to the same public. Mr. Cordon knows that the burden is on him to prove to the Court, his family and the nation that he is worthy of a second chance.

In sum, as the Court deliberates over the appropriate sentence in this case, Mr. Cordon asks that it consider his sincere remorse for his crime, his commitment to make full restitution to his victims, and his recent efforts to return his life to a productive and law-abiding path. We respectfully submit that these considerations, and the entirety of Mr. Cordon's history and personal characteristics, weigh in favor of the probationary sentence that has been proposed.

C. *The Need to Provide Restitution to Any Victims*

Mr. Cordon is eager to repay all those who were impacted by this crime and has begun that process by maintaining meaningful employment. A probationary sentence will allow Mr. Cordon to maintain his current employment and to pay his retitutin in connectin with this matter.

D. *The Purpose of Federal Sentencing*

As noted at the outset, Congress has identified four purposes of federal sentencing that must guide district courts in selecting a sentence within the statutory penalty range. The sentence must be "sufficient, but not greater than necessary" to serve those purposes.

With these guideposts in mind, Mr. Cordon respectfully asks the Court to impose a period of probation.

The first purpose of federal sentencing is "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." As discussed above, Mr. Cordon understands that he has pled guilty to a serious offense that resulted in real harm to the community. He is ashamed of his conduct. He respectfully submits that the sentence proposed by the defens,e in light of his limited conduct, provides "just punishment" for his offense.

The second purpose of federal sentencing is "to afford adequate deterrence to criminal conduct." The conviction and its attending probationary sentence would send a clear message of deterrence to any one who might consider similar conduct in the future. We respectfully submit that the proposed sentence is "sufficient but not greater than necessary" to serve the purpose of general deterrence.

The third purpose of federal sentencing is " to protect the public from further crimes of the defendant." Mr. Cordon is as deterred from criminal activity as he could possibly be. He is embarrassed and has a new appreciation for the rule of law. There is no reason to believe that Mr. Cordon would represent any level of danger to the public.

In conclusion, Mr. Cordon stands before the Court with deep remorse. He made a serious mistake that will have permanent consequences for him. In imposing sentence, Mr. Cordon asks the Court to consider his positive contributions to his community over the years, the aberrational nature of his criminal conduct, and the steps he has recently taken to return his life to a productive and law-abiding path. In these circumstances, we respectfully submit that a probationary sentence and full restitution is fully consistent with

the Court's statutory mandate to impose a sentence that is "sufficient, but not greater than necessary" to serve the purposes of federal sentencing.

                                      Respectfully Submitted,

                                      /s/Brian K. McDaniel
                                      Brian K. McDaniel, Esq.
                                      The McDaniel Law Group, PLLC
                                      1001 L. Street SE
                                      Washington, D.C. 20003
                                      Telephone (202) 331 – 0793

                                      *Counsel for Kevin Cordon*